UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GARY W., | |
| Plaintiff, | Case No. 25-cv-10211 |
| v. | Magistrate Judge Elizabeth A. Stafford |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**OPINION AND ORDER ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT
(ECF NOS. 12, 14)**

## I.     Introduction

Plaintiff Gary W. appeals the final decision of defendant Commissioner of Social Security (Commissioner) to deny his application for disability insurance benefits (DIB) under the Social Security Act.  Both parties have filed summary judgment motions and consented to the undersigned conducting all proceedings under 28 U.S.C. § 636(c).  ECF No. 8; ECF No. 12; ECF No. 14.

After a hearing below, an administrative law judge (ALJ) found:

1. Plaintiff had the severe impairments of "obesity; coronary artery disease with stenting; hypertension; status post bilateral hip

replacements; osteoarthritis of the knees, feet, and ankles; and coronary arteriosclerosis." ECF No. 6-1, PageID.43.

2. Plaintiff had no impairments that met or medically equaled a listed impairment. *Id.*

3. Plaintiff had the residual function capacity (RFC) to perform light work "except: the claimant can occasionally climb ramps and stairs with handrails. He can occasionally climb ladders, ropes, and scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. There can be no concentrated exposure to extreme cold or wetness. There can be no exposure to excessive vibration or to vibrating air or hand tools. The claimant must avoid hazards such as unprotected heights and the operational controls of dangerous moving machinery) but can avoid ordinary hazards in the workplace such as boxes on the floor, doors ajar, and approaching people or vehicles. The claimant can occasionally operate foot controls bilaterally and can frequently handle, finger, and feel bilaterally." *Id.*, PageID.44.

Relying on the testimony from a vocational expert (VE), the ALJ found that plaintiff could perform his past relevant work as a customer service representative and was thus not disabled. *Id.*, PageID.49-50.

## II. Analysis

### A.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence[1] and

---

[1] Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

conformed with proper legal standards.  *Gentry v. Comm'r of Soc. Sec.*,

741 F.3d 708, 722 (6th Cir. 2014).

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations.  And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high.  Substantial evidence, this Court has said, is more than a mere scintilla.  It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up).  The

substantial-evidence standard does not permit the Court to independently

weigh the evidence.  *Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d

917, 930 (E.D. Tenn. 2013) ("The Court may not reweigh the evidence and

substitute its own judgment for that of the Commissioner merely because

substantial evidence exists in the record to support a different conclusion.");

*see also Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir.

1994) ("If the Secretary's decision is supported by substantial evidence, it

must be affirmed even if the reviewing court would decide the matter

differently, and even if substantial evidence also supports the opposite

conclusion.").

Plaintiff contends that the ALJ failed to address whether he achieved

average performance as a customer service representative for the job to

3

qualify as past relevant work.  ECF No. 12, PageID.1174-1175.  The Court agrees and will remand this matter for clarification on that issue.

**B.**

At step four, the Commissioner considers the claimant's RFC and will find him not disabled if he can still do past relevant work.  20 C.F.R. § 404.1520(a)(4).  It is plaintiff's burden at step four to prove that he cannot perform his past relevant work.  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).  "Past relevant work" is "work that [a claimant] has done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [him] to learn to do it."  *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 395 (6th Cir. 2010) (citing 20 C.F.R. § 404.1560(b)(1)).[2]

The duration of past relevant work "should have been sufficient for the worker to have learned the techniques, acquired information, and

---

[2] Effective June 2024, the Commissioner reduced the "lookback period" for determining past relevant work from 15 years to five years.  Intermediate Improvement to the Disability Adjudication Process, 89 Fed. Reg. 48138-01 (June 5, 2024) (to be codified at 20 C.F.R. pts. 404, 416).  On the same date, Social Security Ruling (SSR) 24-2p replaced SSR 82-62.  Because the ALJ rendered his decision in October 2023, the 15-year lookback period and SSR 82-62 apply here.  *See* SSR 24-2p ("[W]e will use this SSR on and after its applicable date in any case in which we make a determination or decision," with the expectation that federal courts "will review our final decisions using the rules that were in effect at the time we issued the decisions.").

developed the facility needed for average performance in the job situation. The length of time this would take depends on the nature and complexity of the work."  SSR 82-62.  For every occupation, the Dictionary of Occupational Titles (DOT) provides a "specific vocational preparation" (SVP) level, which is the time "required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation."  U.S. Dep't of Labor, DOT, App'x C, § II (4th ed., rev. 1991).

The VE testified that plaintiff's job as a customer service representative (DOT 239.362-014) was skilled, with an SVP of 5, requiring six months to a year to learn.  ECF No. 6-1, PageID.48, 97-98; DOT, App'x C, § II.  Plaintiff initially stated that he worked in that position for 90 days but later clarified that he worked for six months.  ECF No. 6-1, PageID.88-89.  In a work history report, plaintiff stated that he worked in that position from September 2014 to May 2015—about eight months.  ECF No. 6-1, PageID.264.[3]  But plaintiff contends that he did not learn the job because

---

[3] The Commissioner cites a statement submitted to the Appeals Council, which states that plaintiff worked in this position for about nine months from August 2012 to May 2013.  ECF No. 6-1, PageID.323.  But when the Appeals Council considers new evidence not before the ALJ and declines to review the disability application on the merits, the district court cannot consider such evidence when adjudicating the plaintiff's appeal.  *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996).

he was fired for poor performance.  ECF No. 12, PageID.1175.  When the ALJ asked whether he learned the job, plaintiff responded:

> A.  It was a sit-down computer job.  Real new to me.  You can see my work history, I'm a on [sic] hands on field guy, so that was real new.  Looking at multiple computer streams, bouncing back and forth.  Apparently, I didn't meet their qualifications even after training.  My training was sufficient but I just didn't meet the standard.
>
> Q.  And how did that job end for you?
>
> A.  They kindly asked me to leave.

ECF No. 6-1, PageID.89.

Although plaintiff performed the customer service job long enough to meet the SVP requirement, that fact is not necessarily dispositive.  "[T]he DOT does not mandate that the [sic] every worker needs to perform a particular job for the period of time associated with that job's SVP level in order to learn how to perform the job."  *Bond v. Comm'r of Soc. Sec.*, No. 6:15-cv-333-Orl-GJK, 2016 WL 3906929, at *3 (M.D. Fla. July 19, 2016).  The agency's Program Operations Manual System (POMS)[4] cautions adjudicators to use SVP "information only as a guideline to help determine how long it would generally take to learn a particular job," as "SVP may not

---

[4] "Although the POMS is a policy and procedure manual…and does not have the force and effect of law, it is nevertheless persuasive."  *Davis v. Sec'y of Health & Human Servs.*, 867 F.2d 336, 340 (6th Cir. 1989).

accurately reflect the requirements of the job as the claimant performed it." POMS DI 25005.015.

Courts have remanded cases to the Commissioner when the ALJ found that a plaintiff could perform past relevant work despite evidence that the plaintiff was unable to learn the job. *See Medina v. Colvin*, No. 3:14-cv-2209, 2015 WL 4660985, at *6 (N.D. Tex. Aug. 6, 2015) (remanding because the ALJ failed to discuss the plaintiff's statement that "she was fired before she could learn how to adequately perform the job"); *A.K.T. v. Comm'r of Soc. Sec.*, No. 09-cv-0680, 2010 WL 3035496, at *2 (W.D. La. Aug. 3, 2010) (holding that substantial evidence did not support a finding that a job was past relevant work when the plaintiff "could not learn to do it, and she was fired for that reason"); *Kavadius v. Barnhart*, 306 F. Supp. 2d 804, 814 (N.D. Ill. 2004) ("The issue of whether plaintiff's experience at the photo lab qualifies as past relevant work might have deserved a bit more than the glossing over the ALJ and the Commissioner's brief gave it" when the plaintiff had "a great deal of difficulty learning the job" and had to leave the position); *cf. Gogan v. Astrue*, No. 09-93-P-S, 2009 WL 5216062 (D. Me. Dec. 29, 2009) (holding that the plaintiff met the SVP requirement and did not rebut the presumption that the job lasted long enough because "her testimony did not reflect that she had not learned the job, but rather that

7

she had difficulties…with attendance and pace").  Other courts have noted that a job can be "past relevant work" even though it was performed for a shorter duration than the SVP requirement *if* there is no evidence that the plaintiff did not learn the job.  *See, e.g.*, *Michael T.B. v. Kijakazi*, No. 20-cv-1779, 2021 WL 7082736 (D. Minn. Dec. 3, 2021) (citing *Moad v. Massanari*, 260 F.3d 887, 891 (8th Cir. 2001)); *Bond*, 2016 WL 3906929, at *3-4.

Thus, an ALJ must consider evidence that the plaintiff did not actually learn how to perform a job before finding that it qualifies as past relevant work.  The authority the Commissioner cites supports this view.  *See* ECF No. 14, PageID.1190 (citing *Bingham v. Saul*, No. 6:20-CV-185, 2021 WL 1990645 (E.D. Ky. May 18, 2021).  In *Bingham*, the plaintiff argued that he performed a job for only four months instead of the one to two years required for work at SVP 6.  2021 WL 1990645, at *4-5.  The ALJ discussed the issue and found that the plaintiff performed similar work "off and on for several years," thus satisfying the durational element.  *Id.*, at *5 (cleaned up).  The court found the ALJ's reasoning appropriate, noting that whether a plaintiff performs work long enough to "achieve 'average performance' is a judgment call."  *Id.*

As noted, plaintiff testified that he was fired from his job as a customer service representative because he could not competently perform his duties, despite receiving training.  ECF No. 6-1, PageID.89.  He also testified that this job was his only experience in customer service—his other jobs involved hands-on field work.  *Id.*, PageID.89, 264-270.  This testimony could support a finding that plaintiff did not learn the job as required under SSR 82-62.  Yet nowhere in the hearing transcript or disability decision did the ALJ discuss plaintiff's alleged inability to perform the job adequately, nor did he offer any rationale for concluding that plaintiff's job was past relevant work.  *See id.*, PageID.48-49, 62, 88-89, 97-98.  Without such analysis, the Court cannot meaningfully review whether substantial evidence supports the ALJ's conclusion that plaintiff could perform past relevant work.  *See Hurst v. Sec'y of Health & Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985) ("It is more than merely 'helpful' for the ALJ to articulate reasons…for crediting or rejecting particular sources of evidence.  It is absolutely essential for meaningful appellate review."); *Medina*, 2015 WL 4660985, at *6; *Kavadius*, 306 F. Supp. 2d at 814.

## C.

Plaintiff asks the Court to reverse the ALJ's decision, award benefits, and remand solely for calculation of benefits.  ECF No. 12, PageID.1177.

9

Ordinarily, when an ALJ has committed reversible error, remand for further consideration is favored over an award of benefits unless there is no conflicting evidence about the severity of the claimant's impairments. *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 934 (6th Cir. 2018); *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).  And in *Miller v. Comm'r of Soc. Sec.,* the Sixth Circuit declined to remand for an award of benefits because "the record does not allow [the court] to conclude that the claimant is affirmatively entitled to an award of benefits, despite the prolonged nature of these proceedings."  811 F.3d 825, 840 (6th Cir. 2016).  Other courts have remanded for an award of benefits when the case had been previously remanded, the plaintiff was an advanced age, and remanding for further consideration of the record would have compounded the delay.  *Donahue v. Massanari*, 166 F. Supp. 2d 1143, 1148-50 (E.D. Mich. 2001) (cleaned up); *see also Yoder v. Comm'r of Soc. Sec.*, No. 10-14941, 2011 WL 6308313, at *7 (E.D. Mich. Dec. 16, 2011) ("This Court remands this case for an award of benefits because Plaintiff has endured considerable delay and proof of disability is strong and evidence to the contrary is lacking.").

Although plaintiff was a person of advanced age when he applied for DIB at age 61, the other factors favor remanding the case for further

consideration.  *See* ECF No. 6-1, PageID.114; 20 C.F.R. § 404.1563(e).

Plaintiff filed his application in January 2021, and this is the first time the

Court has remanded the case.  Plaintiff maintains that, on remand,

Medical-Vocational Guideline 202.06 would direct a finding of disability.

ECF No. 12, PageID.1176; *see also* 20 C.F.R. Pt. 404, Subpt. P, App. 2,

§ 202.06.  But plaintiff fails to explain why that rule would apply when the

Commissioner previously determined that Guideline 202.07 applied.  ECF

No. 6-1, PageID.120-122.  Thus, the Court cannot determine that plaintiff is

entitled to benefits and must remand the case for further consideration of

plaintiff's past relevant work.

The Court thus **GRANTS** plaintiff's motion for summary judgment

(ECF No. 12), **DENIES** the Commissioner's motion for summary judgment

(ECF No. 14), and **REMANDS** the ALJ's decision under sentence four of

42 U.S.C. § 405(g).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 11, 2026

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 11, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager

12