UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GARY W., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 25-cv-10211 <br><br> Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
(ECF NO. 18)**

## I.    Introduction

Howard D. Olinsky, counsel for Plaintiff Gary W., seeks an award of

$7,445.63 in attorney's fees under the Equal Access to Justice Act (EAJA),

28 U.S.C. § 2412(d)(1)(A).  ECF No. 18.  The requested amount represents

28.4 hours of attorney work at an hourly rate of $250 and 5.9 hours of

paralegal work at an hourly rate of $125 on plaintiff's behalf.  ECF No. 18-1,

PageID.1225.  The Commissioner of Social Security agreed to settle the

motion in this amount.  *Id.*  After reviewing the record, the Court **GRANTS**

the motion for attorney's fees.[1]

---

[1] The parties consented to the undersigned conducting all proceedings
under 28 U.S.C. § 636(c).  ECF No. 8.

## II.   Analysis

### A.

Under the EAJA, a "prevailing party" in a civil action "brought by or against the United States" is entitled to reasonable attorney's fees and costs incurred in that action unless "the position of the United States was substantially justified or special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A), (d)(2)(A) (cleaned up); *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 725 (6th Cir. 2014).  The Court has broad discretion in determining whether to award fees under the EAJA.  *Fisher v. Comm'r of Soc. Sec.*, No.  14-cv-13881, 2015 WL 4944385, at *1 (E.D. Mich. Aug. 19, 2015).  But the Sixth Circuit has cautioned lower courts against "rubber stamping" EAJA fee applications, especially when a party requests an increased hourly rate based on inflation.  *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992).

### B.

A claimant is entitled to attorney's fees under the EAJA if (1) he is a prevailing party, (2) the Commissioner's opposing position was without substantial justification, and (3) there are no special circumstances that warrant denial of fees.  *DeLong*, 748 F.3d at 725.  "The application must also be filed within thirty days of a court's final judgment.  Only reasonable

2

attorney fees will be permitted." *Cantu v. Comm'r of Soc. Sec.*, No. 18-11409, 2019 WL 2314863, at *1 (E.D. Mich. May 31, 2019) (cleaned up). This application meets all these requirements.

The Court granted plaintiff's motion for summary judgment and remanded the case under sentence four of 42 U.S.C. § 405(g). ECF No. 16. Plaintiff is thus the prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993).

And the government's position was not substantially justified. A position is substantially justified if it could satisfy a reasonable person that it was reasonable under both law and fact. *Cantu*, 2019 WL 2314863, at *1 (citing *Pierce v. Underwood*, 487 U.S. 552, 553 (1988)). "'[T]he relevant inquiry concerning the government's position was whether it was reasonable for the Commissioner to defend the ALJ's decision to deny benefits.'" *Id.* (quoting *Ratliff v. Comm'r of Soc. Sec.*, 465 F. App'x 459, 460 (6th Cir. 2012)). The Commissioner carries the burden of showing that its position was substantially justified. *Delong*, 748 F.3d at 725-26. Because the Court sustained plaintiff's arguments on appeal and remanded the case, the government's position was not substantially justified. *See Austin v. Comm'r of Soc. Sec.*, No. 16-CV-14027, 2018 WL 4787656, at *2 (E.D. Mich. Oct. 4, 2018).

Finally, the application was timely filed, and the Commissioner has advanced no special circumstance warranting denial.[2]

**C.**

The amount of the fees requested is reasonable. In contemplating what constitutes "reasonable attorney fees," the EAJA provides:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A) (cleaned up). A plaintiff requesting an increased hourly rate bears the burden of producing "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (cleaned up).

---

[2] Plaintiff filed the motion within thirty days of the judgment becoming final when the sixty-day period of appeal lapsed. *See Cantu*, 2019 WL 2314863, at *4; *see also Hoa Hong Van v. Barnhart*, 483 F.3d 600, 608 (9th Cir. 2007) ("A successful disability applicant may file for attorneys' fees 30 days after the 60-day appeal period provided for in [Federal Rule of Appellate Procedure] 4(a) has run, regardless of the specific form of the court's judgment, or the particular nature of the government's non-opposition to or acquiescence in an award of benefits.").

Although an increased cost of living reflected in the Consumer Price

Index is alone insufficient evidence for an increased hourly rate, attorney

affidavits and qualifications provide other support that can satisfy the

applicant's burden.  *Cantu*, 2019 WL 2314863, at *4; *see also Elms v.*

*Comm'r of Soc. Sec.*, No. 16-10180, 2019 WL 1532372, at *3 (E.D. Mich.

Apr. 9, 2019).  Here, in addition to citing increased cost of living, the

application relies on (1) the State Bar of Michigan's 2023 Economics of

Law Service Results; (2) an affirmation from Olinsky noting his 30 years of

professional experience; and (3) an itemization of the hours Olinsky and his

paralegal spent working on the case.  ECF No. 18.

Olinsky's hourly rate of $250 is less than the average hourly rate of

Michigan attorneys with comparable experience.  ECF No. 18-2,

PageID.1233-1234 (average rate of an attorney with 31 to 35 years'

experience is $369 per hour).  The 28.4 hours of attorney time and 5.9

hours of paralegal time is in line with cases awarding EAJA fees.  *See Jeter*

*v. Comm'r of Soc. Sec.*, No. 1:18-cv-465, 2019 WL 1060968, at *2 (W.D.

Mich. Feb. 5, 2019) ("[A] reasonable expenditure of time for the

representation of a party" in a social security appeal is between 15 to 30

hours).  Notably, the Commissioner does not argue that the amount of fees

requested is unreasonable.  Together, this information shows that the requested hourly rate is reasonable under the EAJA.

In sum, the Court finds that plaintiff is entitled to $7,445.63 in attorney's fees under the EAJA.  Plaintiff assigned to Olinsky all attorney's fees and costs awarded in connection with the action.  ECF No. 18-6. Thus, the Commissioner may make payment of the attorney's fees directly to Olinsky, subject to offset for any preexisting debt that plaintiff owes to the government.  *See Astrue v. Ratliff*, 560 U.S. 586, 597 (2010); *Cowart v. Comm'r of Soc. Sec.*, 795 F. Supp. 2d 667, 671 (E.D. Mich. 2011) ("[I]f there is an assignment of EAJA fees, and if there is no pre-existing debt to the Government, then fees should be paid directly to the attorney").

## III.    Conclusion

The Court thus **GRANTS** the motion for attorney's fees (ECF No. 18).

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: June 12, 2026

## <u>NOTICE TO PARTIES ABOUT OBJECTIONS</u>

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The

district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 12, 2026.

<u>s/Caitlin Shrum</u>
CAITLIN SHRUM
Case Manager
